# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL DOBKIN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>NRG RESIDENTIAL SOLAR SOLUTIONS LLC, a Delaware limited liability company,<br><br>*Defendant.* | Case No. 3:15-cv-05089-FLW-LHG |
| ERICA GENNARINI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>NRG RESIDENTIAL SOLAR SOLUTIONS LLC, a Delaware limited liability company,<br><br>*Defendant.* | Case No. 3:15-cv-05089-FLW-LHG<br><br>Hon. Freda L. Wolfson<br><br>**JOINT PROPOSED DISCOVERY PLAN & SCHEDULING ORDER [CORRECTED]** |

Counsel for Plaintiffs Michael Dobkin and Erica Gennarini and counsel for Defendant NRG Residential Solar Solutions LLC, having met and conferred pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 26.1, respectfully submit this joint proposed discovery plan in accordance with the Court's July 8, 2016 Order. (Dkt. 40.)

**1.     Parties' Counsel**

**Plaintiffs' Counsel**

Rafey S. Balabanian
Eve-Lynn Rapp
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
rbalabanian@edelson.com

1

erapp@edelson.com
spollock@edelson.com

Stefan L. Coleman (SC6365)
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax:  888.498.8946
law@stefancoleman.com

**Defendant's Counsel**

Andrew C. Glass
Gregory N. Blase
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Direct: (617) 951-9059
Fax: (617) 261-3175
gregory.blase@klgates.com
andrewglass@klgates.com

Patrick J. Perrone
Loly Tor
K&L Gates LLP
One Newark Center
10th Floor
Newark, New Jersey 07101
Tel:  973-848-4000
Fax:  973-848-4001
patrick.perrone@klgates.com
loly.tor@klgates.com

2.   **Brief Case Description and Relevant Procedural Posture**

In this consolidated putative class action, Plaintiffs Dobkin and Gennarini collectively allege that Defendant NRG Solar Solutions, LLC made tens of thousands of telemarketing calls to consumers nationwide that (i) utilized an automatic telephone dialing system ("ATDS") without first obtaining the requisite prior express consent, and despite that (ii) they had previously listed their numbers on the National Do Not Call Registry ("DNC"). Dobkin and Gennarini assert that such alleged telemarketing calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").  Additionally, Gennarini asserts that such alleged telemarketing calls violated the New Jersey Consumer Fraud Act, N.J. Stat. § 56, *et seq.* (the "CFA").

The Parties have agreed to attend an in-person private mediation on September 27, 2016.

Following the July 8, 2016 telephonic conference with the Court, the Parties conferred pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 26.1, and submit this initial joint discovery plan and scheduling order, which the parties will supplement in the event that the mediation does not result in a resolution of this case.

**3.    Status of Settlement Discussions**

The Parties have agreed to attend an in-person private mediation on September 27, 2016.

**4.    Fed. R. Civ. P. 26(f) Conference**

The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f).

**5.    Fed. R. Civ. P. 26(a)(1) Disclosures**

The Parties have agreed to exchange their respective Rule 26(a)(1) initial disclosures no later than August 31, 2016, in accordance with Fed. R. Civ. P. 26(a).

**6.    Potential Problems with Completing Fed. R. Civ. P. 26(a)(1) Disclosures**

The Parties do not foresee any problems completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

**7.    Discovery Conducted to Date**

The Parties have not yet conducted any formal discovery, but have discussed the exchange of certain information informally.

**8.    Proposed Discovery plan and Schedule**

**(a) Proposed Discovery Plan:**

**Plaintiffs' Statement:** Plaintiffs anticipate taking discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom Defendant and/or it agents made the telephone calls at issue; (2) the total number of calls Defendant and/or its agents made to those individuals; (3) the methods by which Defendant and/or its agents obtained the telephone numbers called; (4) the equipment Defendant and/or its agents used to make the telephone calls; (5) any records of consent maintained by Defendant and/or its agents to make the telephone calls as issue; (6) policies and procedures maintained by Defendant and/or its agents related to the making of telephone calls; (7) contracts exchanged between Defendant and/or its agents related to making telephone calls; (8) communications exchanged between Defendant and/or its agents related to making telephone calls; (9) records of the telephone calls made to Plaintiffs by Defendant and/or its agents; (10) communications exchanged between

3

Defendant and/or its agents and Plaintiffs; (11) the identity of Defendant's agents; and (12) Defendant's corporate structure.

As indicated to the Court during the July 8, 2016 telephonic status, at this point, Plaintiffs' discovery efforts will primarily be focused on the information needed for the upcoming September 27, 2016 mediation. Nevertheless, because the information necessary for Plaintiffs to prevail on their individual TCPA claim will overlap substantially with that of the putative Class members, should the Parties mediation efforts prove unsuccessful, Plaintiffs propose that the most efficient approach to discovery is to proceed with both class and merits discovery—as to Plaintiffs and the putative Class members—for a period of no longer than six (6) months. Thereafter, the Parties will be prepared to resolve any additional pretrial motions or other issues, and ultimately, to proceed to trial should one be necessary. In this way, the Parties and the Court will avoid what would be an unnecessarily lengthy and duplicative discovery process.

**Defendant's Statement:** Defendant anticipates taking discovery regarding the claims and defenses in this action, including the following topics: (1) calls Plaintiffs allege that they received from or on behalf of NRG Residential Solar Solutions LLC; (2) Plaintiffs' consent to receive any calls that they received from or on behalf of NRG Residential Solar Solutions LLC; (3) cellular telephones Plaintiffs used during the relevant time periods, as well as any ESI generated by or stored on said cellular telephones or portable storage devices used in connection with said cellular telephones (including, but not limited to, SIM card(s)); (4) cellular telephone records for Plaintiffs' cellular telephone subscriptions; (5) Plaintiffs' purported injuries and relief sought; and (6) Plaintiffs' ability to meet the requirements for certification of a class under Rule 23 of the Federal Rules of Civil Procedure, including, but not limited to, the typicality of Plaintiffs' claims and Plaintiffs' adequacy to serve as class representatives. Moreover, Defendant anticipates that ESI discovery will be conducted by both sides, and as such, ESI discovery should be conducted in a manner that is proportional to the needs of the case.

**(b) Schedule and Scope of Discovery Proposals:**

For the sake of efficiency, the Parties submit their proposals for scheduling and the scope of discovery should the Parties' be unable to resolve Plaintiffs' and the Classes' claims. As discussed during the July 8, 2016 telephonic status, the Parties will submit revisions to these proposals, if any are necessary, by no later than October 17, 2016 in advance of the October 19, 2016 telephonic status with Magistrate Judge Lois H. Goodman.

| Event | Parties' Agreed-to Proposal |
|---|---|
| *Fed. R. Civ. P. 26 Disclosures* | August 31, 2016 |
| *E-Discovery conference pursuant to L. Civ. R. 26.1(d)* | Ongoing |
| *Commencement of discovery* | As of July 15, 2016 |
| *Maximum number of interrogatories* | 25 |
| *Maximum number of* | 10 |

4

| | |
|---|---|
| *depositions per side* | |
| ***Deadline for motions to amend or to add parties*** | January 27, 2017 |
| ***Deadline for class and merits discovery*** | May 27, 2017 |
| ***Deadline for Plaintiffs' expert reports*** | To be determined by further joint submission in the event that mediation does not resolve the case |
| ***Deadline for Defendant's expert reports*** | To be determined by further joint submission in the event that the mediation does not resolve the case |
| ***Deadline to complete expert reports*** | To be determined by further joint submission in the event that mediation does not resolve the case |
| ***Deadline for dispositive motions*** | To be determined by further joint submission in the event that mediation does not resolve the case |
| ***Plaintiffs' deadline to move for class certification*** | To be determined by further joint submission in the event that mediation does not resolve the case |
| ***Pre-Trial Conference*** | TBD |
| ***Trial Date*** | TBD |

**9.      Anticipated Special Discovery Needs**

As discussed with the Court during the July 8, 2016 telephonic conference, the Parties anticipate that they will need to conduct third-party discovery. The Parties do not anticipate any other special discovery needs at this time.

**10.      Disclosure or Discovery of Electronically Stored Information**

The Parties have engaged in initial discussions regarding ESI discovery protocols, and agree to continue to craft an appropriate stipulation should one become necessary.

**11.      Discovery Confidentiality Order**

The Parties have discussed the potential need for a discovery confidentiality order and will submit a proposed stipulated order should one become necessary.

**12.      Anticipated Discovery Problems**

The Parties do not anticipate any discovery problems at this time.

**13.      Voluntary Arbitration**

The Parties respectfully refer the Court to the response provided in Section 3.

**14.      Potential for Bifurcation**

The Parties respectfully refer the Court to the responses provided in Section 8.

5

15. **Interim Status/Settlement Conference**

The Parties respectfully refer the Court to the response provided in Section 13.

16. **Consent to Magistrate**

At this time, the Parties do not consent to proceeding before a Magistrate Judge.

17. **Other Issues**

The Parties do not believe there are any other issues to address at this time.

        *       *       *

        Respectfully submitted,

        **MICHAEL DOBKIN**, individually and on behalf of all others similarly situated,

Dated: July 15, 2016    By: /s/ Stefan Coleman

        Rafey S. Balabanian
        rbalabanian@edelson.com
        Eve-Lynn J. Rapp
        erapp@edelson.com
        EDELSON PC
        350 North LaSalle Street, Suite 1300
        Chicago, Illinois 60654
        Tel: 312.589.6370
        Fax: 312.589.6378

        Stefan L. Coleman (SC6365)
        law@stefancoleman.com
        LAW OFFICES OF STEFAN COLEMAN, LLC
        1072 Madison Avenue, Suite 1
        Lakewood, New Jersey 08701
        Tel: 877.333.9427

|  |  |
|---|---|
|  | **NRG RESIDENTIAL SOLAR SOLUTIONS, LLC** |
| Dated:  July 15, 2016 | By: /s/ Andrew Glass_____ |

Andrew C. Glass
Gregory N. Blase
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Direct: (617) 951-9059
Fax: (617) 261-3175
gregory.blase@klgates.com
andrewglass@klgates.com

Patrick J. Perrone
Loly Tor
K&L Gates LLP
One Newark Center
10th Floor
Newark, New Jersey 07101
Tel:  973-848-4000
Fax:  973-848-4001
patrick.perrone@klgates.com
loly.tor@klgates.com

7

## **CERTIFICATE OF SERVICE**

    I, Stefan L. Coleman, an attorney, hereby certify that on July 15, 2016, I served the above and foregoing ***Joint Proposed Discovery Plan & Scheduling Order [CORRECTED]***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 15th day of July 2016

                                             /s/ Stefan L.Coleman