Stefan Louis Coleman
Law Offices of Stefan L. Coleman
1072 Madison Ave, Suite 1
Lakewood, New Jersey 08701
Telephone: 877-333-9427
Email: law@stefancoleman.com

Rafey S. Balabanian (*Pro Hac Vice*)
rbalabanian@edelson.com
Eve-Lynn J. Rapp (*Pro Hac Vice*)
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300

*Attorney for Plaintiff*

RECEIVED
NOV 17 2017
AT 8:30 ___M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL DOBKIN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>NRG RESIDENTIAL SOLAR SOLUTIONS LLC, a Delaware limited liability company,<br><br>*Defendant.* | Case No. 3:15-cv-05089-BRM-LHG<br><br>Hon. Brian R. Martinotti, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J.<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

  **THIS MATTER** having come before the Court by way of plaintiff Michael Dobkin's motion for preliminary approval of class settlement pursuant to Federal Rule of Civil Procedure 23, the Court has reviewed the motion, including the Class Action Settlement Agreement ("Settlement Agreement"),[1] and based on this review and the findings below, the Court finds good cause to GRANT the motion.

---

[1] This Order incorporates by reference the definition of any capitalized terms as set forth in the Settlement Agreement except as otherwise defined herein.

1

**FINDINGS**

1.     The Court has conducted a preliminary evaluation of the Settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) there is good cause to believe the Settlement Agreement, and the Settlement memorialized therein, is fair, reasonable, and adequate, (ii) the Settlement has been negotiated at arm's-length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Lois H. Goodman of this Court, and (iii) the Settlement warrants Notice of its material terms to the Settlement Class for their consideration and reaction.

2.     The Notice, in the forms appended to the Settlement Agreement, complies with due process because the Notice and its various forms are reasonably calculated to adequately apprise Persons within the Settlement Class of (a) the pending lawsuit, (b) the proposed Settlement, and (c) their rights, including the right to either participate in the Settlement, exclude themselves from the Settlement, or object to the Settlement.

3.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for the purposes of settlement only, the Court preliminarily finds that the Settlement Class is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the Settlement Class which predominate over any questions affecting only individual members of the Settlement Class, that the claims of the Class Representative are typical of the claims of the Settlement Class, that the Class Representative will fairly and adequately protect the interests of the Settlement Class, and that a class action would be superior to other available methods for fairly and efficiently adjudicating the controversy.

**IT IS HEREBY ORDERED THAT:**

4.      **Certification.** The Court hereby preliminarily certifies the following class for the purposes of settlement only: all Persons with respect to whom NRG Residential was offered a lead from a third-party lead generator as a result of the lead generator's telephone call to such person. Based on the Parties' discovery and investigation to date, there are approximately 317,000 Persons within the Settlement Class. Excluded from the Settlement Class are (a) any Judge or Magistrate Judge presiding over this action and members of their immediate families; (b) NRG Residential, NRG Residential's subsidiaries, parents, successors, predecessors, and any entity in which NRG Residential or its parents have a controlling interest and their current or former officers, directors, agents, attorneys and employees; (c) all Persons who have had their claims against NRG Residential or NRG Energy, Inc. or their respective subsidiaries, parents, successors, predecessors, and any entity in which NRG Residential or its parents have a controlling interest and their current or former officers, directors, agents, attorneys and employees, previously released and/or adjudicated on the merits; and (d) counsel for all Parties and members of their families.

5.      **Settlement Approval.** The Settlement Agreement, and the Notice, in the forms appended to the Settlement Agreement as Exhibits B - D, are preliminarily approved.

6.      **Appointment of Class Representative and Class Counsel.** Plaintiff Michael Dobkin is hereby appointed Class Representative. Rafey S. Balabanian and Eve-Lynn Rapp of the law firm Edelson PC are hereby appointed Class Counsel.

7.      **Provision of Notice.** The Court approves the proposed plan for giving Notice to the Settlement Class in the manner specified under paragraphs 4.2 and 4.3 of the Settlement Agreement. KCC Class Action Services, LLC (the "Settlement Administrator") is approved to

act as Settlement Administrator and to notify Persons within the Settlement Class of the Settlement in the manner specified under paragraphs 4.2 and 4.3 of the Settlement Agreement.

8. **Process and Deadline for Submitting Claims.** Settlement Class Members who want to submit a Claim Form shall do so no later than 2/20/2018 [INSERT DATE 90 DAYS AFTER ENTRY OF THIS PRELIMINARY APPROVAL ORDER]. Each Settlement Class Member is entitled to submit one (1) Claim Form regardless of number of telephone calls allegedly received or telephone numbers at which the Settlement Class Member received a call. If a Settlement Class Member submits more than one (1) Claim Form, any additional Claim Form will be disregarded for the purposes of determining the *pro rata* share of the Settlement Fund due to Settlement Class Members who submit Approved Claims.

9. **Objection to Settlement.** Settlement Class Members who want to object to the Settlement Agreement must file written objections with the Court, and deliver such objections to Class Counsel and NRG's Counsel, no later than 2/20/2018 [INSERT DATE 90 DAYS AFTER ENTRY OF THIS PRELIMINARY APPROVAL ORDER]. The delivery date will be deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark, and if no such date can be discerned, the date the objection is received by the Court will control. The objection must be signed by the Settlement Class Member and must include: (a) his or her name and current U.S. mailing address (as well as his or her former U.S. mailing address if his or her current U.S. mailing address is different from the U.S. mailing address listed on the Notice sent to the Settlement Class Member), (b) all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), (c) a statement that the objector is a Settlement Class Member, (d) the telephone number(s) at which he or she allegedly received a call regarding the sale or leasing of a residential solar panel system, (e) the name and

contact information of any and all attorneys representing, advising, or in any way assisting the objecting Settlement Class Member in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (f) a statement whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing and, if so, whether personally or through counsel.

10. **Failure to Object to Settlement.** Settlement Class Members who do not object to the Settlement Agreement in the manner specified above will (a) be deemed to have waived their right to object to the Settlement Agreement, (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement, and (c) not be entitled to speak at the Final Approval Hearing.

11. **Requesting Exclusion.** Persons within the Settlement Class who want to be excluded from the Settlement must send a letter, postcard, or other writing to the address listed in the Notice that is signed by the Person within the Settlement Class seeking exclusion from the Settlement no later than 2/20/2018 [INSERT DATE 90 DAYS AFTER ENTRY OF THIS PRELIMINARY APPROVAL ORDER]. Persons within the Settlement Class seeking to request exclusion must include in the written request (a) his or her name and U.S. mailing address (as well as his or her former U.S. mailing address if his or her current U.S. mailing address is different from the U.S. mailing address listed on the Notice sent to the Person within the Settlement Class), (b) the telephone number(s) at which he or she allegedly received a call regarding the sale or leasing of a residential solar panel system, (c) the caption for the Action (i.e., *Dobkin v. NRG Residential Solar Solutions LLC*, Case No. 3:15-cv-05089 (D.N.J.)), and (d) a statement that he or she wishes to be excluded from the Settlement Class. "Mass" or "class" requests for exclusion shall not be allowed, meaning an attorney or other representative

5

may not send a letter or other communication on behalf of Settlement Class Members seeking to opt out of the Settlement Agreement. No Person shall purport to exercise any exclusion rights of any other Person, or purport to exclude other Persons within the Settlement Class as a group, aggregate, or class involving more than one Person within the Settlement Class, or as an agent or representative. Any such purported exclusion shall be void, and Persons within the Settlement Class that are the subject of such purported exclusion shall be treated as Settlement Class Members for all purposes.

12. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) the Preliminary Approval Order and all of its provisions will be vacated and this Order will not waive or otherwise impact the Parties' rights or arguments in any respect, and (b) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding.

13. **No Admissions.** Nothing in the Settlement Agreement or this Order, nor the proceedings and statements made pursuant to either or any papers filed relating to them may be construed as an admission or concession on any point of fact or law against any Party.

14. **Stay of Dates and Deadlines.** The stay entered on August 11, 2017 (Dkt. No. 79) is hereby continued, and all proceedings and deadlines continue to be stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

15. **Fairness Hearing.** On 5/1/2018 at 10:00 am [INSERT DATE NO LESS

6

THAN 150 AND NO MORE THAN 180 DAYS AFTER ENTRY OF THIS PRELIMINARY APPROVAL ORDER], the Court will hold a Final Approval Hearing to determine whether (i) the Settlement Agreement should be finally approved as fair, reasonable, and adequate, and (ii) Class Counsel's application for reasonable attorneys' fees and reimbursable expenses and costs, and an incentive award to the Class Representative should be granted. All papers supporting Plaintiff's request for reasonable attorneys' fees and reimbursable expenses and costs and an incentive award to the Class Representative must be filed no later than 2/6/2018 [INSERT DATE 14 DAYS PRIOR TO OBJECTION/EXCLUSION DEADLINE]. Any motion for final approval of the Settlement Agreement, or any other paper supporting such approval, shall be filed no later than seven (7) days before the Final Approval Hearing. This Court may order the Final Approval Hearing to be postponed, adjourned, or continued. If that occurs, neither NRG nor the Settlement Administrator will be required to provide additional notice to Settlement Class Members.

Date: November 17, 2017

THE HONORABLE BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE