Stefan Louis Coleman
Law Offices of Stefan L. Coleman
1072 Madison Ave, Suite 1
Lakewood, New Jersey 08701
Telephone: 877-333-9427
Email: law@stefancoleman.com

Rafey S. Balabanian (*Pro Hac Vice*)
rbalabanian@edelson.com
Eve-Lynn J. Rapp (*Pro Hac Vice*)
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300



*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL DOBKIN, individually and on behalf of all others similarly situated, | Case No. 3:15-cv-05089-BRM-LHG |
| *Plaintiff,* | Hon. Brian R. Martinotti, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J. |
| v. | [PROPOSED] **FINAL ORDER APPROVING CLASS SETTLEMENT** |
| NRG RESIDENTIAL SOLAR SOLUTIONS LLC, a Delaware limited liability company, | |
| *Defendant.* | |

**THIS MATTER** having come before the Court by way of plaintiff Michael Dobkin's motion for final approval of class settlement pursuant to Federal Rule of Civil Procedure 23 (Dkt. 96), and plaintiff Michael Dobkin's motion for reasonable attorneys' fees and reimbursable expenses and costs and incentive award (Dkt. 87) (collectively, the "Motions"), the Court has (1) reviewed the Motions, including the Class Action Settlement Agreement ("Settlement

Agreement"),[1] the objections of Jeffrey Wilens (Dkt. 89) and Gilbert Abarca (Dkt. 91) which objectors have sought leave of Court to withdraw pursuant to Fed. R. Civ. P. 23(e) by way of stipulation with the Parties (Dkt. 100), and the Parties' responses to the objections, and (2) considered the oral argument of counsel and any objectors who wished to appear though none did so, and based on this review and the findings below, the Court finds good cause to GRANT the Motions.

**FINDINGS**

1. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

2. On November 17, 2017, this Court preliminarily approved the Settlement and certified, for settlement purposes only, the Settlement Class consisting of: all Persons with respect to whom NRG Residential was offered a lead from a third-party lead generator as a result of the lead generator's telephone call to such person. (Dkt. 84.)

3. KCC Class Action Services, LLC (the "Settlement Administrator") provided notice to Persons within the Settlement Class in Compliance with paragraphs **Error! Reference source not found.**4.2 and **Error! Reference source not found.**4.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice (a) fully and accurately informed Persons within the Settlement Class about the lawsuit and the Settlement, (b) provided sufficient information so that Persons within the Settlement Class were able to decide whether to accept the benefits offered (including whether to submit a Claim Form), opt-out and pursue their own remedies, or object to the proposed Settlement, (c) provided procedures for Settlement Class Members to file written objections to the proposed Settlement, to appear at

---

[1] This Order incorporates by reference the definition of any capitalized terms as set forth in the Settlement Agreement except as otherwise defined herein.

the Final Approval Hearing, and to state objections to the proposed Settlement, and (d) provided the time, date, and place of the Final Approval Hearing. The Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.  The Settlement Agreement was negotiated at arm's length, in good faith, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the claims and defenses at issue, and with the active involvement of the Parties and the assistance of the Honorable Lois H. Goodman of this Court.

4. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to the Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits, and given that the Settlement confers substantial economic benefits on the Settlement Class Members, is not contrary to the public interest, will provide the Parties with repose from litigation, and is supported by Plaintiff and Class Counsel.

5. The Parties adequately performed their obligations under the Settlement Agreement.

6. The deadline for Settlement Class Members to submit a Claim Form was February 20, 2018.

7. An award of $ 2,333,333.33 in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this Action, Class Counsel's experience and efforts in

prosecuting this Action, and the benefits obtained for the Settlement Class. The award will be paid out of the Settlement Fund pursuant to paragraphs **Error! Reference source not found.**9.1 through **Error! Reference source not found.**9.2 of the Settlement Agreement.

8. An incentive award to Plaintiff Michael Dobkin of $5,000.00 is fair and reasonable in light of Plaintiff's risks in commencing this Action as the Class Representative, the time and effort spent by Plaintiff in litigating this Action as the Class Representative, and Plaintiff's public interest service. The award will be paid out of the Settlement Fund pursuant to paragraphs **Error! Reference source not found.**9.3 through **Error! Reference source not found.**9.4 of the Settlement Agreement.

9. The persons listed on Exhibit A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order. Mara Allen's request for exclusion has been withdrawn.

**IT IS HEREBY ORDERED THAT:**

10. **Settlement Class.** The Court hereby finally certifies the following class for the purposes of settlement only: all Persons with respect to whom NRG Residential was offered a lead from a third-party lead generator as a result of the lead generator's telephone call to such person. Excluded from the Settlement Class are (a) any Judge or Magistrate Judge presiding over this action and members of their immediate families; (b) NRG Residential, NRG Residential's subsidiaries, parents, successors, predecessors, and any entity in which NRG Residential or its parents have a controlling interest and their current or former officers, directors, agents, attorneys and employees; (c) all Persons who have had their claims against NRG Residential or NRG Energy, Inc. or their respective subsidiaries, parents, successors, predecessors, and any entity in which NRG Residential or its parents have a controlling interest and their current or former

4

officers, directors, agents, attorneys and employees, previously released and/or adjudicated on the merits; and (d) counsel for all Parties and members of their families. For the purposes of settlement only, the Court finds that the Settlement Class is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the Settlement Class which predominate over any questions affecting only individual members of the Settlement Class, that the claims of the Class Representative are typical of the claims of the Settlement Class, that the Class Representative will fairly and adequately protect the interests of the Settlement Class, and that a class action would be superior to other available methods for fairly and efficiently adjudicating the controversy.

11. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement, and binds Plaintiff and all Persons within the Settlement who did not properly request exclusion under paragraph **Error! Reference source not found.**11 of the Order Granting Preliminary Approval of Class Settlement. This order does not bind persons who filed a timely and valid request for exclusion. Attached hereto as Exhibit A is a list of persons who properly requested to be excluded from the Settlement.

12. **Objections.** Pursuant to Federal Rule of Civil Procedure 23(e) and the Stipulation to Withdraw Objections between the parties filed with the Court on April 30, 2018 (Dkt. 100), which stipulation is deemed entered and approved, the objections of Jeffery Wilens and Gilbert Abarca are hereby withdrawn.

13. **Release.** Plaintiff and all Settlement Class Members are (a) deemed to have released and discharged NRG Residential and the Released Parties from all claims arising out of or asserted in this Action and all claims released under the Settlement Agreement, and (b) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly,

these claims. The full terms of the release described in this paragraph are set forth in section **Error! Reference source not found.**3 of the Settlement Agreement and are specifically approved and incorporated herein by reference (the "Release").

14. **Class Relief.** The Settlement Fund, consisting of seven million United States dollars and no cents ($7,000,000.00), shall be used to pay Settlement Class Members who submit Approved Claims. Each Settlement Class Member submitting an Approved Claim shall receive a *pro rata* share of the Settlement Fund, minus costs, fees (including attorneys' fees), and expenses, as provided in paragraph **Error! Reference source not found.**2.1 of the Settlement Agreement.

15. **Administration Fee.** The Settlement Administrator is authorized to withdraw from the Settlement Fund moneys sufficient to pay the Settlement Administration Expenses according to the terms of the Settlement Agreement. Such payment shall have priority to the funds in the Escrow Account containing the Settlement Fund over the Fee Award, the incentive award, and the payments to the Settlement Class Members who submit Approved Claims.

16. **Appointment of Class Representative and Class Counsel.** Plaintiff Michael Dobkin was previously certified as Class Representative and shall implement the Settlement in accordance with the Settlement Agreement. As previously appointed, Rafey S. Balabanian and Eve-Lynn Rapp of the law firm Edelson PC are Class Counsel. Class Counsel are experienced in class litigation, including litigation of similar claims, and have fairly and adequately represented the interests of the Settlement Class. Class Counsel and the Class Representative have fairly and adequately protected the Settlement Class's interests and must continue to do so.

17. **Attorneys' Fees and Costs.** Class Counsel is awarded $ 2,333,333.33 in attorneys' fees and costs. Payment shall be made from the Settlement Fund pursuant to

paragraph **Error! Reference source not found.**9.2 of the Settlement Agreement. Class Counsel shall pay the Spencer Law Firm, Wilens, Abarca, and Allen $185,000 from Class Counsel's Fee Award pursuant to a certain settlement agreement and release by and among the Parties, Edelson PC, the Spencer Law Firm, Wilens, Abarca, and Allen. Such payment, therefore, shall not diminish the *pro rata* share of any payment to any Settlement Class Member.

18. **Incentive Award.** Plaintiff Michael Dobkin is awarded $5,000.00 as an incentive award. Payment shall be made from the Settlement Fund pursuant to paragraph 9.4 of the Settlement Agreement.

19. **Dismissal with Prejudice.** The Court hereby dismisses the Action in its entirety with prejudice and without fees or costs except as otherwise provided for herein.

20. **Termination.** If the Effective Date does not occur for any reason, the following will occur: (a) the Final Judgment (consisting of this Order and the separately entered Judgment) and all of its provisions will be vacated by their own terms, including, but not limited to, the Fee Award and the incentive award, and the Final Judgment will not waive or otherwise impact the Parties' rights or arguments in any respect, and (b) the Action will revert to the status that existed before the Settlement Agreement's execution date. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding.

21. **The Court's Continuing Jurisdiction.** Pursuant to the Parties' request, the Court will and does retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

22. **Entry of Judgment.** The Clerk of Court is hereby directed to enter as a separate

document on the docket the accompanying Judgment.

Date: __5/14__, 2018       _____
                           THE HONORABLE BRIAN R. MARTINOTTI
                           UNITED STATES DISTRICT JUDGE

8

## EXHIBIT A

The Persons or entities listed below are found to have validly excluded themselves from the Settlement Agreement in accordance with the provisions of the Preliminary Approval Order:

1. Gerald Roylance
2. Samuel Katz